## John McKee *v.* Oliver Dubois.

Proof of written notice to the endorser of a note of its non-payment by the makers, and of protest, is necessary to a recovery against him.

Appeal from the District Court of the First District, *Buchanan*, J.

Martin, J. The defendant is appellant from a judgment against him as endorser, after judgment by default, taken for want

of an answer, and confirmed. His counsel has contended that the First Judge erred, as no evidence was produced of due notice to the defendant, of the dishonor of the notes. The counsel of the appellee has contended, that the evidence of the notice results from the certificate of the Notary, who attests that, at the request of the makers, on their refusal to pay, he called on the appellant, presented him the notes, and demanded payment, and was answered that they would not be paid. Evidence being given of the appellant's having secreted his property, in fraud of his creditors, he was condemned to imprisonment for three years, unless he sooner paid the judgment. The appellant's counsel has replied, that the appellee having procured the imprisonment of his client, he must show that he has complied with the requisites of the law. The evidence of notice does not otherwise result, than from the implication drawn from the Notary's demand of payment from the endorser, when he informed him that he had in vain called on the makers, while the endorser was entitled to a *written* notice of non-payment and protest. The call on him was before the protest, for it is stated therein. Civil Code, art. 3522, No. 23.

It is clear that the court erred.

The appellee's counsel has endeavored to cure this defect by the production of the notices, which he filed in the District court at a period which does not appear. But it must have been posterior to the close of the transcript in the first court, since it was filed in this, on the 22d of April, 1843, and the certificate of the clerk below, attesting the correctness of the copies of the original notices, bears date the 1st of July, following, and the counsel has admitted in argument, that they were not produced on the trial. In a case in which the appellee has sent the appellant to jail for three years, he cannot complain that the counsel of the latter seeks the liberation of his client, by showing that the proceedings which have terminated in his confinement, have not been regularly conducted.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and the case remanded for a new trial, the appellee paying the costs of the appeal.

*McHenry*, for the plaintiff.

*Roselius*, for the appellant.