Simon, J.
This is an action on a promissory note against the maker and endorsers thereof. The endorsers plead their discharge, in consequence of the want of proper presentment, and demand of payment of the note, at the place therein indicated, and of due notice of protest.
The District Court.gave judgment in favor of he plaintiffs, against the maker and the first endorser for the amount sued for, and discharged the second endorser from liability; and from this judgment, the first endorser, Michael Boyce, has appealed.
The protest of the note sued on was made on the 7th of June, 1842, and the notary states, in his certificate of notice, which is dated the ninth of the same month, “that the parties to said note have been duly notified of the protest thereof, by letters to them by me written and addressed, dated on the day of said protest, and served on them respectively in the manner following, to wit: Michael Boyce, Esq., Natchitoches, La., personally; Hre. Bordelon, Esq., Natchitoches, La., and put into the post-office at Natchitoches in presence of the undersigned witnesses this day,1' &c.
*121 The protest states, also, that the note was presented at the branch of the Union Bank of Louisiana, at this place, Natchi-toches, where the same is made payable, and payment thereof demanded, <fec.; but the evidence establishes, that on the day the protest was made, the cashier of the Union Bank was absent from the place ; that before he went away, a notice was posted up on the door of the office of the Union Bank, directing persons having business there to call at the City Bank, which is under the same roof, and part of the building occupied by the cashier of the Union Bank,* and that the note sued on was presented for payment at the City Bank. Said note was not presented, or payment of it demanded, at the Union Bank, as one St. Amans was the acting cashier for both the City and Union Banks, the cashiers of both institutions being then absent.
The testimony further shows, that on the day of the protest, the notary presented the note to Michael Boyce, the first endorser, saying, that unless it was paid or arranged, it would be immediately protested, and that Boyce answered, that it would have to be protested. The note was presented to Boyce, at the ’ request of St. Amans, because the latter had already told Boyce that a note, upon which he was endorser, would be that day protested ; and Boyce had answered that he did not recollect having signed it. The note was then put into the hands of the notary, who, after having presented it for payment at the City Bank, held the above-mentioned conversation with Boyce, but it was before the protest, at about four o’clock, P. M., after business hours. The notice of protest was served upon Boyce personally, on the ninth of June, in the town of Natchitoches, where he lives.
Under this evidence, it is pretty clear, that even supposing the demand for payment to have been properly made, under the circumstances, at a place where the note sued on was not made payable, which appears to us to be very questionable, due and *122 sufficient notice of the dishonor of the note was not given to the endorser, Boyce. The person who acted as cashier of both the Union and City Banks at Natchitoches, and the notary who made the protest, may have been under the impression that their calling upon the endorser for the payment of the note, as for an arrangement of the matter, would amount to a notice that said note would not be paid by the drawer thereof, and would be protested ; but it was not protested at the time; and there was then no occasion to bring to the knowledge of the endorser a fact which had not taken place. The law has never contemplated that a note or bill should be considered as dishonored, and that the parties thereto should become liable to pay it, unless, after being duly protested, in consequence of the want of payment on due demand and presentation, made at the place where it is made payable, notice thereof is given to the parties upon whom the holder intends to look for its payment. Boyce had nothing to do with the payment of the note at its maturity. He was a mere endorser, whose obligation depended upon a strict compliance with the law, and whose liability did not attach, until due notice of non-payment and protest; and we are unable to distinguish this case from that of McKee v. Dubois, 5 Rob. 421, which presented a similar question, and in which we said, that “ the evidence of notice does not otherwise result, than from the implication drawn from the notary’s demand of payment from the. endorser, when he informed him that he had in vain called on the makers, while the endorser was entitled to a written notice of non-payment and protest.” The call, in this case, was also made on Boyce before the protest; he is shown to have resided at that time in the town of Natchitoches, where the protest was made; and the notice given to him personally two days after said protest, was clearly insufficient.
It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that ours be for the defendant and appellant, with costs in both courts.

 This appears to be a mistake. The testimony of Williams shows, that “ the office of the Union Bank is under the same roof, and part of the building occupied by the cashier” of the Union Bank. The City Bank and Union Bank are proved to have been in different streets. — R.